McKinney, J.
delivered the opinion of the court.
We do not think the Circuit Court, erred in this case, either in dismissing the petition, or in refusing to allow the amendment offered to be filed. It is conceded, and such is the well-established rule, that a certiorari, when sought to be used as a substitute for an appeal, must be applied for at the first term of the Circuit Court after the rendition of the justice’s judgment, unless some sufficient cause for delay -be shown in the petition- Does the amended petition, offered to be filed in this case, present any such cause? we think not. The magistrate’s judgment was rendered on the 29th day of August, 1846. From this judgment Newman attempted to prosecute an appeal, which was dismissed at the October term, 1846, of the Circuit Court of Knox county, as having been irregularly obtained, after the expiration of the time allowed by law for granting an appeal. The petition for the certiorari and supersedeas was not filed till the 4th day of June, 1847, a period of nearly eight months after the appeal was dismissed. In the amended petition offered to be filed at the June term, the petitioner attempts to excuse his neglect to present his application to the preceding February term of said court, upon the ground, that he was absent in Washington county, attending to some matter of business, at the October term, 1846, and remained absent for some time ; that upon returning home, and ascertaining that his appeal had been dismissed, he proposed to the attorney of Rodgers — in order to avoid further litigation — to compromise the matter by paying *122 half the amount of the judgment rendered against him; that the attorney promised that he would write to Rodgers, and advise him to accept the terms offered: but that owing to the absence of the attorney on professional duty, or some other cause, he was unable to see said attorney, or to ascertain that his 'proposition had been rejected until some time after the February term of said court. If this excuse was admitted to be sufficient, there would be no end to litigation. Upon ascertaining that his appeal had been dismissed it was incumbent upon Newman, promptly and without delay, to have taken steps to have his cause removed into the Circuit Court by certiorari. The plaintiff was within his reach, and if he desired to propose a compromise, the overture should have been made to the plaintiff, or to some properly authorized agent, and not to the attorney who had obtained the judgment, who, in virtue of his retainer, merely as an attorney to sue for and collect the- money, had no authority whatever to receive or consider of such a proposition. No act was done by the plaintiff Rodgers to warrant Newman in delaying his application; for it does not even appear that the proposition for compromise was ever communicated to him; nor did anything in the conduct of the attorney, had he been properly empowered to act in the matter, íurnish a pretext for the delay in this case. No delay was stipulated for — nor was anything said or done by the attorney to mislead Newman, or to excuse him for omitting the diligent pursuit of his proper remedy.
To sustain the application of the plaintiff in error in this case, would be to contravene the uniform current of decisions upon this subject, to encourage gross negligence, .and promote interminable litigation.
The judgment will be affirmed.